# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN PAUL FELTS,<br><br>                           Petitioner,<br>vs.<br>WARDEN NOONAN,<br><br>                          Respondent. | CASE NO. 15cv684-LAB (NLS)<br><br>**ORDER SCREENING AND DISMISSING PETITION** |

Petitioner Norman Felts, a prisoner in federal custody, filed this petition for writ of habeas corpus and paid the $5 filing fee required for habeas petitions. The Prison Litigation Reform Act requires the Court to screen pleadings filed by prisoners and to dismiss them to the extent they are frivolous or malicious or fail to state a claim. *See* 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e.

The petition does not challenge the fact of Felts' confinement, but rather the conditions of his confinement. Felts seeks access to a law library and an opportunity to communicate more easily with his attorney. He asks that the Court order him transferred to the Metropolitan Correctional Center so he can use the library there and use email to communicate with his attorney. Habeas petitions are limited to challenges to the length or legality of confinement. *See Hill v. McDonough*, 547 U.S. 573, 579 (2006). Challenges to conditions of confinement are properly brought as civil rights actions. *See Preiser v.*

1  *Rodriguez*, 411 U.S. 475, 484–86 (1973). *See also Alcala v. Rios*, 434 Fed. Appx. 668,
2  669–70 (9th Cir. 2011) (holding that district court properly construed petition challenging the
3  conditions of prisoner's confinement as a civil rights action, not a habeas petition); *Greenhill*
4  *v. Lappin*, 376 Fed. Appx. 757, 757 (9th Cir. 2010) (same).

5        While a court has discretion to construe a mislabeled habeas corpus petition as a civil
6  rights action, it is inappropriate to do so here. *See Johnson v. Fed'l Bureau of Prisons*, 2013
7  WL 3467208, at *2 (C.D.Cal., July 9, 2013) (explaining that construing habeas petition as civil
8  rights action may have negative consequences for the petitioner/plaintiff). Furthermore, Felts
9  has only paid the filing fee for a habeas petition, not the $350 fee required for civil actions.

10        Because it is clear Felts cannot amend his petition to allege new facts making out a
11  habeas claim, it is **DISMISSED WITHOUT PREJUDICE**. This order does not prevent Felts
12  from filing a civil complaint raising the same claims. If he wishes to file his complaint in this
13  action, he must do so no later than **April 22, 2015**. He must also pay the required filing fee
14  or move to proceed *in forma pauperis* no later than **April 22, 2015.** Or, if he wishes, he may
15  bring his civil rights claims by filing a separate action.

16        **IT IS SO ORDERED**.

17  DATED: April 3, 2015

18  
19                  **HONORABLE LARRY ALAN BURNS**
                United States District Judge